**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 1:19-cr-00001 (RCL)** |
| | : | |
| **YIANNY GEORGOPOULOS,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**GOVERNMENT'S MOTION TO CONTINUE DETENTION HEARING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to continue the detention hearing scheduled in this matter for January 4, 2019 before Magistrate Judge Deborah Robinson, until January 8, 2019, so that the defendant can undergo a 24-hour competency screening by the D.C. Department of Behavioral Health, and the court will have an opportunity to review the results of that screening. The defense has not informed the government of its position on this motion.

**Procedural History**

On January 2, 2019, the defendant was charged pursuant to a two-count Information charging the defendant with entering or remaining in a restricted area or grounds, in violation of Title 18, United States Code, Section 1752(a)(1), and entering restricted public property, in violation of 22 D.C. Code § 3302(b). That same day, the defendant made his initial appearance before this Court. During his initial appearance, the defendant responded to the Court's questions, but also made several spontaneous statements and did not seem able to follow his attorney's or the Court's instructions. The Pretrial Services Agency Report stated that the defendant self-reported "Bipolar." The report did not identify any connections between the defendant and the District of Columbia.

At the defendant's initial appearance, the Court granted the government's request that the defendant be held in custody pending a detention hearing pursuant to 18 U.S.C. §3142(f)(2)(A), and scheduled that hearing two business days later on January 4, 2018. At the government's request, this Court also ordered a forensic competency screening of the defendant to be performed by the Department of Behavioral Health ("DBH") pursuant to 18 U.S.C. §4241, et seq.

Immediately following the hearing in this matter, the government contacted the Chief Clinical Officer of DBH to inform that agency of the existence of the court's order, and to request a forensic screening by January 4, 2019. That same day, DBH notified the government that it could not conduct the forensic screening until the morning of Monday, January 7, 2019, and that DBH could not complete the report until that afternoon. The government understands that DBH notified the chambers of Magistrate Judge Robinson as well. DBH has scheduled the defendant for a forensic screening on the morning of January 7, 2019.

**Argument**

Pursuant to Title 18, United States Code, Section 3142(f), "[e]xcept for good cause, . . . a continuance on motion of the attorney for the Government may not exceed three days (not including any intermediate Saturday, Sunday, or legal holiday)" for a detention hearing. Consistent with Section 3142(f), this Court granted the government's request for a two-day continuance until January 4, 2019. The government hereby asks this Court to find that good cause exists to further continue the detention hearing in this matter until Tuesday, January 8, 2019.

Good cause exists in this case because: 1) the government has sought a forensic evaluation of the defendant's mental health; 2) the delay in obtaining the forensic screening is beyond the government's control; 3) given the facts of this case, including the defendant's courtroom

behavior,[1] a forensic screening is essential to understanding the defendant's current mental state and his ability to understand court proceedings and to comply with any court-imposed conditions of release; 4) there are no other identifiable sources of information regarding the defendant's mental state that are currently known to the government; and 5) as discussed below, this Court needs to understand the defendant's current mental state to identify whether there are any conditions of release that can reasonably assure the safety of the community and the defendant's appearance in court.

The Bail Reform Act lists four factors that guide a court's pre-trial detention decision: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See 18 U.S.C. § 3142(g).

The government submits that the forensic screening requested by the government is essential to understanding factors three and four. The defendant's current mental health is an important characteristic that informs the court regarding his ability to return to court, his ability to understand the proceedings, and his ability to comply with any court-ordered conditions of release. As to factor four, the defendant's current mental health will inform this Court regarding the defendant's potential dangerousness to the community at large, but also to USSS protectees in particular. Without understanding the defendant's mental health, it is impossible to determine whether the defendant intends any actual harm to the President of the United States or any other USSS protectee.

[1] The government notes that given the passage of time between the defendant's arrest and his appearance before this Court, the defendant's statements and actions on January 2, 2019, are not likely attributable to the use of alcohol or a controlled substance.

Little is known about the defendant's background and criminal history in Canada. It's certainly troubling that the defendant took the unusual steps of travelling from Canada to the District of Columbia, walking to the White House complex, physically moving a security barrier at an entrance to the White House, and attempting to gain access to the President. In his post-arrest interview, the defendant alluded to his participation in stalking and threatening behavior in Canada, but did not elaborate. On this record, it is not unreasonable to grant a two business day continuance so that DBH can conduct a competency screening of the defendant and produce a written report for the court and counsel.

**Conclusion**

For the foregoing reasons, the government respectfully requests that this Court to find that good cause exists to continue the detention hearing in this matter for two additional business days, until January 8, 2019, and that the defendant remain held until such hearing.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By: /s/ .
Jolie F. Zimmerman
Assistant United States Attorney
D.C. Bar No. 465110
555 Fourth Street, N.W., Room 11-451
Washington, DC 20530
Jolie.zimmerman@usdoj.gov
(202) 252-7220